Johnson, J.
dissenting. The cases of Vance v. Findly, and Peck & Hood v. Van Evour, 1 N. & M. 578, and 580, are sufficient authority for the position, that, in an affidavit to hold to bail, the plaintiff must state on what account the debt was due, or how the cause of action arose, notwithstanding the difference' in the phraseology of our act and the British statute. And, that the term note, as used in this affidavit is uncertain, and indefinite, is sufficiently established by the fact, that my brother O’Neall has applied it to a contract by specialty, in its broadest sense, any written memorial is comprehended in the term note. The case of Peck & Hood v. Van Evour, is a note to Vance v. . Findly ; and if the term may be applied to a specialty, it may • be applied to any writing whatever. If common usage has appropriated any definite meaning to the word note, it is to express the idea of a promissory note. But I cannot consent that terms of general import should be substituted for the technical language, which constitutes the force and beauty of judicial pro-, ceedings. This affidavit, then, does not state how the cause of action arose, with sufficient certainty.
If the principal be not condemned, or, (which is tantamount, as Tidd expresses it) be not condemned in the same action; as where the plaintiff declares for a different cause from that expressed in the process, or affidavit to hold to bail, his bail are discharged. 2 Tidd, 992. Now until judgment passes against the principal, it is impossible that the bail can know, whether *516 the principal is, or is not, condemned for the same [cause; and unless the bail can avail themselves of it afterwards, the rule is idle. But the answer of the bail to'an action upon the bond, that this is not the cause for which I undertook, is conclusive of this question. He is only bound for what he undertakes to perform, and he is only obliged to shew, that by way of defence, the question cannot arise in any' other way. The case of Wheelwright v. Jutting, 2 Eng. Com. Law Rep. 114, taken from 7 Taunt. 304, is a-precedent in point. See also Murrel v. Halbert, decided at May Term, 1829. (1 Bailey, 238.) It does not appear from the short note of the case of Knight v. Dorsey, found in 5 Eng. Com. Law Rep. 14, upon what ground the Court proceeded. It is stated, however, that bail had justified, and that time had been allowed defendant to plead. By justifying bail, the defendant admits that he was properly held to bail; and a recognizance of bail above, or to' the action, would bind, although there was no affidavit, or no arrest. But bail above, or, as it has been usually called with us, special bail, is now unknown to bur laws. We have no other bail than what is called common bail, corresponding'with bail to the sheriff in England. I am of opinion, therefore, that this motion ought to have been granted.
Motion refused.